O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings (In Chambers):     Order Granting Defendants' Motions to Dismiss [8, 17]**

## I.     INTRODUCTION

Plaintiffs Ileana and Scott Seagren bring this action under the Truth in Lending Act ("TILA") against Aurora Loan Services, Inc. ("Aurora"), Homecomings Financial Services, LLC ("Homecomings"), and Wall Street Mortgage, Inc. ("Wall Street"). Plaintiffs allege they own the property at 1963 254th Street, Lomita, CA 90717. (Compl. ¶ 7). Plaintiffs re-financed their mortgage on or about March 14, 2007. (Compl. ¶ 14, Ex. A). As part of the re-financing, Plaintiffs executed a deed of trust and promissory note in favor of the lender, Homecomings. (Compl. ¶ 8, Ex. A). Plaintiffs received certain disclosures relating to the terms of the loan transaction, but allege that they did not receive all the statutorily required disclosures. Among other things, Plaintiffs seek rescission under TILA and Regulation Z because Defendants did not provide them the requisite notice of their right to cancel and disclosures of negative amortization.

Aurora and Homecomings now separately move to dismiss Plaintiffs' claims for rescission under TILA, 15 U.S.C.§ 1601, and unfair competition, Cal. Bus. & Prof. Code § 1700. Defendants have also filed separate requests for judicial notice, which they contend prove that Plaintiffs received all required disclosures under TILA. The court considers both motions to dismiss in unison.

## II.    DISCUSSION

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

1. Legal Standard: *Motion to Dismiss*

While a complaint attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (courts need not "accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).

"A motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996). The court may consider extrinsic documents, however, when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

Finally, leave need not be granted where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citations omitted).

2. Governing Law: *Truth in Lending Act*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

TILA was enacted "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "The Act requires creditors [to] provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998).

Under TILA, a borrower has two remedies for a loan disclosure violation. First, TILA grants a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. § 1635. Second, TILA grants a borrower a right to civil damages. 15 U.S.C. § 1640. Generally, TILA provides that borrowers have until midnight of the third business day following the consummation of a loan transaction to rescind the transaction. 15 U.S.C. § 1635(a). A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission, or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). A TILA damages claim is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period accrues when the failure to make the required disclosures occurs, that is, "at the time the loan documents were signed." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

2. <u>Defendants'</u> <u>Motions</u> <u>to</u> <u>Dismiss</u>

*TILA Rescission*

The court begins with whether Plaintiffs have alleged a viable TILA violation. Plaintiffs argue they have alleged two such violations, (1) that Mrs. Seagren did not receive any copies of the Notice of Right to Cancel, and (2) that Defendants failed to adequately disclose that the loan would negatively amortize. (Compl. ¶¶ 10, 11.) Defendants contend these two bases are belied by judicially noticeable documents.

Specifically, Defendants move the court to judicially notice two documents bearing on Plaintiffs' claims, an executed Notice of Right to Cancel form and the Adjustable Rate

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

Mortgage Program Disclosure.

     First, Defendants argue Plaintiffs' assertion that Mrs. Seagren did not receive any copies of the Notice of Right to Cancel is controverted by a Notice of Right to Cancel executed by the Seagrens on March 17, 2007. Plaintiffs do not oppose this request for judicial notice, and the document reveals that Mrs. Seagren acknowledged receipt of her Notice of Right to Cancel. Such written acknowledgment creates a rebuttable presumption of delivery. *See* 15 U.S.C. §1635(c). Accordingly, unless Plaintiffs rebut this presumption, they may not maintain a TILA claim against either Defendant based on the alleged failure to provide Mrs. Seagren such notice.

     Second, Defendants argue they in fact provided Plaintiffs the necessary disclosures concerning negative amortization, proffering for judicial notice the Adjustable Rate Mortgage Program Disclosure. (Request No. 2.) Before considering the propriety (or necessity) of this request, however, it bears noting that, after Defendants argued in their moving papers that Plaintiffs were provided the requisite amortization disclosures, Plaintiffs arguably abandoned this claim by failing to raise it in their Opposition. *See*, *e.g.*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) ("Jenkins abandoned her [ ] claims by not raising them in opposition to the County's motion for summary judgment.").

     Nevertheless, to the extent that Plaintiffs' failure to raise this basis for rescission may be excused, the court next considers Plaintiffs' rescission claim based on Defendants' alleged failure to adequately disclose negative amortization. While the parties focus exclusively on the propriety of the request for judicial notice, that issue appears superfluous. *Assuming* Defendants failed to "adequately disclose the risk of negative amortization, such a violation is not 'material' and does not entitle [Plaintiffs] to the extended three-year statute of limitations for rescission of the loan." *Jordan v. Paul Financial, LLC*, -- F. Supp. 2d –, 2009 WL 1941561, *7 (N.D. Cal. July 1, 2009) ("Plaintiff is therefore not entitled to rescind his loan transaction due to defendants' alleged failure to disclose the risk of negative amortization").

     Before concluding, the court briefly notes the conundrum presented by Plaintiffs' argument that Defendants did not provide adequate disclosures and that the court may not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

judicially notice the Adjustable Rate Mortgage Program Disclosure. TILA generally requires two sets of disclosures. The first set of disclosures, which concern features of the particular variable-rate loan, must be made "at the time an application form is provided or before the consumer pays a non-refundable fee, whichever is earlier." 12 C.F.R. § 226.19(b). The second set of disclosures are required "before consummation of the transaction" and must include a statement "that the transaction contains a variable-rate feature" and a statement "that [the] variable-rate disclosures have been provided earlier." 12 C.F.R. § 226.18(b) & (f)(2).

The Truth in Lending Disclosure Statement attached to Plaintiffs' Complaint is compliant. It states: "Your loan contains a variable-rate feature. Disclosures about the variable-rate feature have been provided to you earlier." (Compl., Exh. C.) It is this document "provided to [the Seagrens] earlier" that is the subject of Defendants' request for judicial notice. Plaintiffs oppose this request arguing, primarily, that this document was not specifically mentioned in the complaint (or the attached exhibits) – even though the language in Exhibit C was dictated by statute. In other words, Plaintiffs have attached the second set of disclosures to their complaint, but now maintain both that the disclosures are inadequate because they lack the substance of the disclosures in the first set, and that the court may not judicially notice the first set. While such practice is not strictly improper, it is highly questionable.

In sum, the court takes notice of the executed Notice of Right to Cancel. This raises a rebuttable presumption that the Seagrens received the required notice, precluding their rescission claim under TILA. As discussed above, moreover, Defendants' alleged failure to adequately disclose negative amortization does not support Plaintiffs' rescission claim. Accordingly, Plaintiffs' first claim for rescission under TILA is DISMISSED WITH LEAVE TO AMEND. While Plaintiffs may attempt to rebut the presumption that they received notice of their right to cancel, they may not seek rescission based on the alleged failure to disclose negative amortization.

*Unfair Business Practices, Cal. Bus. & Prof. § 17200*

Plaintiffs appear to base this claim on the TILA violations discussed above. (*See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

Compl. ¶¶ 22-26.)  Because those claims fail, so too must this.  Insofar as Plaintiffs base their UCL claim on grounds other than the alleged TILA violations, which is not entirely clear from the complaint, Plaintiffs shall so specify.  If Plaintiffs fail to rebut the presumption that they received notice of their right to cancel, however, and thus maintain their TILA claim, the court would be inclined to decline supplemental jurisdiction over this state law claim.  *See Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is … akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted).

### III.  CONCLUSION

Defendants' motions to dismiss Plaintiffs' complaint are GRANTED WITH 20 DAYS LEAVE TO AMEND.  Plaintiffs may attempt to rebut the presumption that they received notice of their right to cancel and shall clarify the bases for their UCL claim.

**SO ORDERED**

---- : 00

Initials of Preparer    RGN