E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Services, LLC

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ILEANA SEAGREN, an individual; and SCOTT SEAGREN, an individual,

Plaintiffs,

vs.

AURORA LOAN SERVICES, INC., a Delaware Corporation; HOMECOMINGS FINANCIAL SERVICES, LLC (f/k/a Homecomings Financial Network, Inc.), a Delaware Limited Liability Company; WALL ST. MORTGAGE, INC., a California Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 09-CV-05050 ODW (agrx)

Honorable Otis D. Wright II

**DEFENDANT HOMECOMINGS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION**

[FRCP RULE 12(b)(6)]

DATE: February 22, 2010
TIME: 1:30 p.m.
PLACE: Courtroom 11

[filed: June 10, 2009]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in support of Defendant Homecomings Financial, LLC (erroneously sued as Homecomings Financial Services, LLC) ("Homecomings")'s motion to dismiss Plaintiffs Ileana and Scott Seagren (the "Seagrens")'s First Amended Complaint, Homecomings hereby requests that the Court take judicial notice of following documents and facts described below pursuant to RULE 201 of the FEDERAL RULES OF EVIDENCE ("F.R.E."):

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

Request #1.

Federal Truth In Lending Disclosure Statement ("TIL Disclosure"), executed on March 17, 2007. Attached hereto as Exhibit 1 is a true and correct copy of the TIL Disclosure. The Court is requested to take judicial notice of the contents of the TIL Disclosure. The Seagrens attached a copy of the TIL Disclosure to their Complaint. Homecomings is requesting judicial notice of a fully executed copy of the TIL Disclosure. The Seagrens allege that there are "significant Truth in Lending violations" and that negative amortization should be disclosed in a TIL Disclosure. [Complaint ¶¶10, 11, 18.] Evidentiary facts contained in exhibits attached to a complaint can be considered on a motion to dismiss. *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* FED. R. CIV. PROC., RULE 10(c). The Court also can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted]. Finally, the contents of the TIL disclosure are facts which are not subject to reasonable dispute because the contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b).

Request #2.

Adjustable Rate Mortgage Program Disclosure, executed on March 17, 2007. Attached hereto as Exhibit 2 is a true and correct copy of the Adjustable Rate Mortgage Program Disclosure. The Court is requested to take judicial notice of the contents of the Adjustable Rate Mortgage Program Disclosure. The Court can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

[plaintiff's] pleading" when the plaintiff's complaint necessarily relies on them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted]; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Seagrens alleged that the negative amortizing component of the loan was not disclosed in the loan documents. [Complaint ¶¶11, 18, 23.] Mr. Seagren signed the Adjustable Rate Mortgage Program Disclosure and it came from his loan file. The document is highly relevant to his claim that he was not told about the negative amortizing aspect of the loan in a TILA disclosure; the supposed nonexistence of such a document is one of the cruxes of his TILA claim. The contents of the Adjustable Rate Mortgage Program Disclosure are facts which are not subject to reasonable dispute because the contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b).

Request #3.

Notice of Default, executed on November 4, 2008 and recorded as document #20081958967 on November 5, 2008 with the Los Angeles County Recorder's Office. Attached hereto as Exhibit 3 is a true and correct copy of the Notice of Default, executed on November 4, 2008 and recorded as document #20081958967 on November 5, 2008 with the Los Angeles County Recorder's Office. The Court is requested to take judicial notice that the Notice of Default was executed on November 4, 2008 and recorded on November 5, 2008 with the Los Angeles County Recorder's Office and the amount of default was $11,162.82. The Notice of Default and its contents are facts which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely, the Los Angeles County Recorder's Office. F.R.E. 201(b).

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

Request #4.

Notice of Trustee's Sale, executed on June 1, 2009 and recorded as document #20090857461 on June 9, 2009 with the Los Angeles County Recorder's Office. Attached hereto as Exhibit 4 is a true and correct copy of the Notice of Trustee's Sale, executed on June 1, 2009 and recorded as document #20090857461 on June 9, 2009 with the Los Angeles County Recorder's Office. The Court is requested to take judicial notice that the Notice of Default was executed on June 1, 2009 and recorded as document #20090857461 on June 9, 2009 with the Los Angeles County Recorder's Office and the unpaid balance of the loan is $597,859.37. The Notice of Trustee's Sale and its contents are facts which are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely, the Los Angeles County Recorder's Office. F.R.E. 201(b).

Request #5.

Notice of Right to Cancel, executed on March 17, 2007. Attached hereto as Exhibit 5 is a true and correct copy of the Notice of Right to Cancel executed by the Seagrens. The Court is requested to take judicial notice of the contents of the Notice of Right to Cancel. The Court can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" when the plaintiff's complaint necessarily relies on them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted]; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Under 15 U.S.C. §1635(c), the existence of a written acknowledgement creates a rebuttable presumption of delivery. The Seagrens alleged that Ms. Seagren did not receive a copy of the Notice of Right to Cancel. [FAC ¶27.] Both of the Seagrens signed the Notice of Right to Cancel acknowledging they received the correct number of copies of the disclosure and the

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

document came from Mr. Seagren's loan file. The document is highly relevant to the Seagrens' claim that Ms. Seagren did not receive a Notice of Right to Cancel; the supposed nonexistence of such a document is one of the cruxes of their TILA claim, and the Seagrens, by failing to allege they did not receive the document, implicitly acknowledge and rely on the document. The contents of the Notice of Right to Cancel are facts which are not subject to reasonable dispute because the contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b).

Request #6.

October 28, 2009 Order Granting Defendants' Motions to Dismiss. Attached hereto as Exhibit 6 is a true and correct copy of the October 28, 2009 Order Granting Defendants' Motions to Dismiss. The Court is requested to take notice of the October 28, 2009 Order Granting Defendants' Motions to Dismiss and its contents. The contents of the October 28, 2009 Order Granting Defendants' Motions to Dismiss are facts which are not subject to reasonable dispute because the contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely, the Court's own files. F.R.E. 201(b).

DATED: November 30, 2009

By /s/ Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant Homecomings Financial, LLC erroneously sued as Homecomings Financial Services, LLC

INDEX OF EXHIBITS

Exhibit 1 .......... 7
Exhibit 2 .......... 8
Exhibit 3 .......... 11
Exhibit 4 .......... 14
Exhibit 5 .......... 17
Exhibit 6 .......... 18

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017