AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN (SBN 190532)
Email: donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC,
f/k/a Aurora Loan Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ILEANA SEAGREN, an individual; and SCOTT SEAGREN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES, INC., a Delaware Corporation; HOMECOMINGS FINANCIAL SERVICES, LLC (f/k/a Homecomings Financial Network, Inc.), A Delaware Limited Liability Company; WALL ST. MORTGAGE, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:09-CV-05050-ODW-AGR<br>Hon. Otis D. Wright, II, Courtroom 11<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY AURORA LOAN SERVICES LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>[Request for Judicial Notice Filed Concurrently Herewith]<br><br>Date: January 25, 2010<br>Time: 1:30 p.m.<br>Ctrm: 11<br><br>Am. Complaint Filed: Nov. 17, 2009<br>Trial Date: None |

1  **TO THE COURT ALL PARTIES AND TO THEIR ATTORNEYS OF**
2  **RECORD:**

3      **PLEASE TAKE NOTICE** that on January 25, 2010 at 1:30 p.m. or as soon
4  thereafter as may be heard, in Courtroom 11 of the above-entitled Court located at 312
5  North Spring Street, Los Angeles, California, 90012 defendant Aurora Loan Services
6  LLC (**Aurora**) will and hereby does move this Court to dismiss with prejudice the
7  first amended complaint filed by plaintiffs Ileana Seagren and Scott Seagren.

8      This motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil
9  Procedure, and is based on the ground that plaintiffs fail to state a claim upon which
10 relief may be granted and the complaint is barred as a matter of law against Aurora.

11     This motion is based upon this notice, the attached memorandum of points and
12 authorities, and upon all papers and documents on file herein, the Court's files
13 concerning this action, together with those facts and documents of which the parties
14 request judicial notice and/or matters which judicial notice is proper, as well as any
15 oral argument that may be presented at the time of the hearing.

16     This motion was filed after the counsel unsuccessfully attempted to meet and
17 confer pursuant to Civil Local Rule 7-3.

18

19 Dated: December 15, 2009          Respectfully submitted,

20                                    **AKERMAN SENTERFITT LLP**

21

22                                    By: */s/ Donald M. Scotten*
23                                         Donald M. Scotten
                                        Attorneys for Defendant
24                                         AURORA LOAN SERVICES LLC

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After the Court granted defendant Aurora Loan Services LLC's (**Aurora**) motion to dismiss Ileana and Scott Seagren's (**plaintiffs**) complaint, plaintiffs filed their first amended complaint. Spurning the opportunity to fix the inadequacies of the complaint, plaintiffs instead offer an "amended" complaint which, in essence, restates the same allegations that this Court previously found insufficient.

The first amended compliant includes a few minor allegations presumably intended to address the October 28, 2009 order's directive to allege facts to "rebut the presumption that [plaintiffs] received notice of their right to cancel." (*See* FAC ¶12, *see also* Request for Judicial Notice (**RJN**), Exhibit 1). It also offers additional facts relating to the negative amortization aspect of their loan even though this Court held that "they may not seek rescission based upon the alleged failure to disclose negative amortization." (*See* FAC ¶14, *see also* RJN, Exhibit 1). The only other new material in plaintiffs' first amended complaint are conclusory and unsupported allegations that are presumably offered to support plaintiffs' Unfair Competition Law claim. (*See* FAC ¶28, *see also* RJN, Exhibit 1).

These paltry amendments do not establish any cause of action against Aurora for Truth in Lending Act violations for failure to provide a notice of borrower's right to cancel or for UCL violations. The entire complaint should be dismissed with prejudice for failure to state a cause of action. Further amending the complaint would be futile because facts simply do not exist to support the claims.

## II. STATEMENT OF FACTS

Plaintiffs own the property at 1963 254th Street, Lomita, CA 90717. (FAC ¶ 9). Plaintiffs re-financed their mortgage on or about March 14, 2007. (FAC., ¶¶ 9-10, Ex. A). As part of the re-financing, plaintiffs executed a deed of trust and promissory note in favor of lender Homecomings Financial, LLC (**Homecomings**). (FAC., ¶ 10, Ex. A). Plaintiffs received required disclosures, particularly, the notice of right to cancel

{LA056216;1}
CASE NO. 2:09-CV-05050-ODW-AGR                    1                    MOTION TO DISMISS
                                                                    FIRST AMENDED COMPLAINT

form mandated by TILA and Regulation Z. (*See* RJN, Ex. 2). Effective April 1, 2008, Aurora became the loan's servicer. (RJN, Ex. 3; *see* FAC, ¶ 15).

### III. LEGAL STANDARD

"A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a Rule 12(b)(6) motion, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In a recent decision, the Supreme Court reviewed the standard for a pre-answer motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). It explained that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. This means that "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* at 1949 (internal quotation omitted). What is more, the facts actually pled must give rise to a plausible claim for relief. *Id.* at 1949. A formulaic recitation of the elements, because of its conclusory nature, is disentitled to a presumption of truth. *Id.* at 1951.

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider extrinsic documents when "the plaintiffs' claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that

document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) ("This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV. ARGUMENT

### A. The Complaint Fails to State Any Viable Claims

The complaint should be dismissed because it states no claims for which relief can be granted.

Plaintiffs' Truth-in-Lending Act (**TILA**) and Regulation Z claim for rescission fails for the same reason it was considered and dismissed by this court on October 28, 2009. First, this Court has found that plaintiffs may not seek rescission based on inadequate disclosure of negative amortization. (*See*, RJN, Ex. 1 at 4). The second ground, failure to provide a notice of the right to cancel is disproven by judicially noticeable documents which create a rebuttable presumption that the notice was received as required. In addition, they have sued the wrong party because Aurora is not the owner of the loan and, therefore, is not an "assignee" under TILA. Nor are plaintiffs capable of tendering. The unfair competition claims under California *Business and Professions Code* § 17200 (**UCL**) fail to point to a borrowed statutory violation by Aurora and cannot, as plaintiffs attempt here, be based on vicarious liability.

B.   **Plaintiffs Cannot Rescind Under TILA**

1.   **No Rescission Against Non-Assignee Aurora**

Assuming, *arguendo*, that plaintiffs have a right to rescind the loan under TILA, that right does not relate to Aurora, which is merely the servicer of the loan. The loan was originated by Homecomings in March 2007; plaintiffs therefore had a right – whether or not there were any problems with the disclosures – to rescind against Homecomings for three business days after the transaction. 15 U.S.C. § 1635(a). That time is extended up to three years if the TILA disclosures are not properly made. *Id.* The right to rescind extends with equal force to a subsequent assignee of a transaction. 15 U.S.C. § 1641(c).

Even if they have a right to rescind, the problem with plaintiffs' rescission claim here is that Aurora is not an assignee. Plaintiffs plead conclusorily that Aurora "purchased" the loan, (FAC. ¶ 11), but they make no factual allegations to support that contention. The allegation is an effort to fit Aurora within an exception to section 1641(f) by reciting a formula; it is therefore disentitled to a presumption of truth. *Iqbal*, 129 S.Ct at 1951. TILA specifies that loan servicers – like Aurora in this case – are not to be treated as assignees "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). A servicer is not to be treated as the owner "on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C § 1641(f)(2). Under this scheme, plaintiffs have clearly sued the wrong party for rescission. If they wish to rescind, they must sue and establish their right to do so against the actual owner of their mortgage loan.

Here, neither exception to the general rule exempting Aurora, as a servicer, from TILA liability applies. Plaintiff alleges no facts that might suggest Aurora acted other than administratively as a servicer, as that term is defined in 12 U.S.C. § 2605(i)(2), *i.e.*, as the one who receives and credits loan payments. That definition is incorporated within TILA. 15 U.S.C. § 1641(f)(3). Nor do plaintiffs supply any

reason to think Aurora acquired any interest in the loan. Therefore, Aurora should continue to be treated as a loan servicer and not as an owner. *See, e.g., Distor v. U.S. Bank, N.A.*, No. C 09-02086, 2009 WL 3429700, at *3 (N.D.Cal. Oct. 22, 2009) (servicer not an assignee under TILA); *Hubbard v. Ameriquest Mortgage Co.*, No. 05-CV-389, 2008 WL 4449888, at *3 (N.D.Ill. Sept. 30, 2008) (declining to treat servicer as assignee of the loan for TILA purposes).

### 2. The Claimed Violations of Disclosure Laws are Refuted

The Seagrens make two substantive allegations that they did not receive specific documents as required under TILA and its implementing regulation. The claims are either refuted by judicially noticeable documents or not actionable based on this Court's prior order.

First, plaintiffs claim "Mrs. Seagren did not receive any copies of the Notice of Right to Cancel." (FAC, ¶ 12.) They do not claim Mr. Seagren did not receive the required two copies of the document. Yet the actual document was signed by both plaintiffs below an acknowledgement that each had received two copies. (RJN, Ex. 2). Both also initialed this one-page document in three different places, in addition to signing at the bottom. (*Id.*) As this Court's previous ruling notes, these signatures create a rebuttable presumption of delivery of the required disclosure under 15 U.S.C. § 1635. In light of the *Twombly* and *Iqbal* decisions, plaintiffs' wholly conclusory allegations that Mrs. Seagren did not get her copy is not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1951. Although they do not challenge that Mr. Seagren received a copy, plaintiff did not attach a copy of the notice of right to rescind to their complaint, doubtless because it completely disproves their allegation.

Plaintiffs are required to plead facts to show how they can overcome the presumption established by her actual signature. *See Quintos v. Decision One Mortgage Co. LLC*, No. 08-CV-1757 (POR), 2008 WL 5411636, at *3 (S.D.Cal. Dec. 29, 2008). Plaintiffs' feeble effort to meet this is to add allegations regarding the circumstances of the loan's closing. (FAC, ¶12). None of the new allegations in the

FAC address how plaintiffs' signatures and two sets of initials found their way onto the document, which contains an express acknowledgement of receipt. (RJN, Ex. 2). Rather, they complain they received a different set of documents from the notary. (FAC, ¶ 12). They claim this led to them not receiving signed copies of the documents such as the notice of right to cancel; however, neither TILA nor Regulation Z mandates that a borrower received a signed copy of the notice of right to cancel. See 15 U.S.C. § 1635, 12 C.F.R. § 226.23(b)(1).

It is implausible that plaintiff signed the form acknowledgement of receipt without actually receiving any copies. In *Quintos*, the court dismissed – at the pleading stage – an indistinguishable TILA claim based on the non-provision of the notice of right to cancel, saying "Plaintiffs' suggestion that she never received notice of her right to rescind falters in light of the Notice of Right to Cancel, in which by her signature she acknowledged receipt of the required copies." *Quintos*, 2008 WL 5411636, at *3. In *Quintos*, the plaintiff made no effort to rebut the presumption in the complaint. Similarly, here the attempted rebuttal is illogical and implausible and need not be considered by the Court. Because of the judicially noticeable notice of right to cancel, the TILA claim cannot survive. *See Anderson v. Countrywide Financial*, No. 2:08-civ-1220, 2009 WL 3368444, at *6 (E.D.Cal. Oct. 16, 2009) (TILA cause of action averring non-receipt of notice of right to cancel dismissed); *Curcio v. Wachovia Mortgage Corp.*, No. 09-CV-1498-IEG (NLS), 2009 WL 3320499, at *6 (S.D.Cal. Oct. 14, 2009) (same); *cf. McCarthy v. Option One Mortgage Corp.*, 362 F.3d 1008, 1011 (7th Cir. 2004) (mere assertion of non-receipt cannot overcome presumption).

Plaintiffs' other allegation is that Homecomings' disclosures did not properly explain negative amortization. (FAC, ¶¶ 13-14, 26). Plaintiffs' continued reliance on this claim defies the Court's October 28 order, which specifically instructed that "plaintiffs may not seek rescission based on the alleged failure to disclose negative amortization." (RJN, Ex. 1 at 5).

### 3. Plaintiffs Must Show the Ability to Tender

If plaintiffs could demonstrate some TILA violation that gave them a right to rescind the transaction, they would eventually have to tender back to the loan's owner all of the loan proceeds in order to effect a rescission. *See* 15 U.S.C. § 1635(b). By statute, an obligor's tender succeeds the creditor's actions to effect the rescission, but TILA expressly gives the courts the power to alter the procedures. *Id.* In *Yamamoto*, the Ninth Circuit explained that because "rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before*." *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) (italics in the original).

Concerned that plaintiffs may be exposing other parties – to say nothing of the judicial system – to unnecessary costs in order to establish the right to a remedy they cannot ultimately attain, courts have found it proper to modify the tender procedures. *Id.* at 1173. The Seagrens borrowed $536,000 secured by their property in July 2007. They defaulted about a year later. The chance that they will be able to tender approximately half a million dollars – probably only very slightly offset by the return of some money paid to the creditor – at the end of the above-referenced process is effectively zero. Plaintiffs claim conclusorily that they have the ability to tender. (FAC, ¶ 23). They do not address how they can afford to make this tender after defaulting on the far less onerous requirements to make monthly mortgage payments. Indeed, they plead in the complaint that they knew they could not make even a basic principal plus interest payment on the loan when they accepted it. (FAC, ¶ 11). Courts have dismissed claims that do not include a plausible tender. *See, e.g., Keen v. American Home Mortgage Servicing, Inc*, No. 2-09-cv-1026 (E.D.Cal. Oct. 21, 2009) (dismissing TILA rescission claim that fails to explain how debtor can tender and collecting cases holding the same); *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009) (allegation of ability to tender "notably absent").

1   For these reasons, plaintiffs have no claim for TILA rescission against Aurora.

## C. The UCL Claim Fails (Second Cause of Action)

Plaintiffs' second cause of action does not state a viable claim against Aurora. The Court advised plaintiffs that if the UCL claim were to be based on anything other than TILA violations, the amended complaint should clearly so specify. (RJN, Ex. 1 at 6). Plaintiffs have not so specified; the only conclusion to be drawn is that it is again based wholly on the TILA claim. Because the TILA claim is still not properly pled, the UCL cause of action based on it is also subject to dismissal.

Cal. *Bus. & Prof. Code* § 17200, *et seq.* (the **UCL**), makes actionable any "unlawful, unfair or fraudulent business practice." In proscribing any "unlawful" business practice, Section 17200 borrows violations of other laws and treats them as unlawful practices that are actionable as unfair competition. *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). Facts supporting a Section 17200 claim must be pled with reasonable particularity. *Khoury v. Maly's of Cal.*, 14 Cal.App.4th 612, 619 (1993). A plaintiff must have suffered a personal injury-in-fact and have lost money or property as a result of the illegal act. Cal. *Bus. & Prof. Code* § 17204. California's unfair competition statutes establish three forms of unfair competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent. *Cel-Tech Comm.*, 20 Cal.4th at 180.

A business practice is "unlawful" if it is "forbidden by law." *Walker v. Countrywide Home Loans*, 98 Cal.App.4th 1158, 1169 (2002). A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers that outweigh its benefits. *Id.* at 1170. To show that a business practice is deceptive, a plaintiff must show that members of the public are likely to be deceived. *Walker*, 98 Cal.App.4th at 1170 (*citing Comm. on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 209, 211 (1983)).

Plaintiffs have not satisfied the requirements for pleading unfair business practices against Aurora. The first amended complaint alleges liability under the UCL based on violations of TILA and Regulation Z by Homecomings. (*Compare* FAC, ¶¶ 25-28). There are no specific allegations of TILA violations, or any other violations of law, by Aurora. Plaintiffs' solution is to again to claim that Aurora purchased and serviced the loan. (FAC, ¶ 29). The second cause of action does not actually allege that Aurora committed any wrong and, accordingly, fails to state a claim for relief under the UCL. The only business activity Aurora performed was to be the transferee of the servicing rights of the loan, a perfectly legal act. TILA does not make it unlawful to be the assignee of a loan in which disclosures were insufficient; rather, it sets forth the circumstances under which the assignor's liability will be imposed on the assignee as a successor. *See* 15 U.S.C. § 1641(e). In other words, as a matter of policy, Congress has mandated that an assignee may sometimes be liable where it has done nothing wrong at all. By contrast, there is no vicarious liability under the UCL; the wrong must have been the defendant's own. *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002); *accord Rodriguez v. Litton Loan Servicing LP*, No. 2:09-cv-00029-MCE-DAD, 2009 WL 1326339, at *3 (E.D.Cal. May 18, 2009), at *5-6; *Marcelos v. Dominguez*, No. C08-00056, 2008 WL 2788173, at *9 (N.D.Cal. July 18, 2008).

Plaintiffs' only attempt to argue past this is to allege conclusorily that the "violations were apparent on the face of the documentation and Defendant Aurora purchased and serviced the loan with full knowledge of the violations." (FAC, ¶ 29). Plaintiffs have conflated the TILA assignee liability standard with the UCL liability rules. Regardless, their allegation is demonstrably false. The notice of right to cancel that Aurora has produced from its file is clearly TILA-complaint and bears the signatures of the plaintiffs. (RJN, Ex. 2). Because the document is *prima facie* proper, even on plaintiffs' own theory, the UCL claim fails.

For these reasons, there is no viable UCL claim against Aurora.

## V. CONCLUSION

For all practical purposes, plaintiffs' "amended" complaint is just a repeat of the original. Plaintiffs' claims are refuted by documents they signed themselves or simply cannot be alleged against Aurora. Defendant Aurora requests the complaint be dismissed, this time with prejudice

Dated: December 15, 2009                    Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: /s/ *Donald M. Scotten*
      Donald M. Scotten
Attorneys for Defendant
AURORA LOAN SERVICES LLC

# PROOF OF SERVICE BY E-MAIL OR ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On December 15, 2009, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY AURORA LOAN SERVICES LLC; MEMORANDUM OF POINTS AND AUTHORITIES**

Based on a court order or an agreement of the parties to accept service by CM/ECF electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below:

| | |
|---|---|
| Stephen P. Collette, Esq.<br>John A. Haubrich, Esq.<br>Stephen P. Collette & Associates<br>811 Wilshire Blvd., Suite 1200<br>Los Angeles, California 90017<br>Tel.: (213) 542-8272<br>Fax: (562) 684-4531<br>stephen_collette@hotmail.com<br>haubrija@gmail.com | *Attorneys for Plaintiffs, Ileana Seagren and Scott Seagren* |
| Frederick A Haist<br>Palmer Lombardi and Donohue<br>888 West Sixth Street 12th Floor<br>Los Angeles, CA 90017<br>Tel.: (213) 688-0430<br>Fax: (213) 688-0440<br>fhaist@pldlawyers.com | *Attorneys for Defendant, Homecomings Financial Services, LLC* |

I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State)     I declare under penalty of perjury under the laws of the of California that the above is true and correct.

☒ (Federal)     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 15, 2009, at Los Angeles, California.

Suzanne I. Jimenez
Type Name                                   Signature

{LA056225;1}