AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN (SBN 190532)
Email: donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC,
f/k/a Aurora Loan Services, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ILEANA SEAGREN, an individual; and SCOTT SEAGREN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> AURORA LOAN SERVICES, INC., a Delaware Corporation; HOMECOMINGS FINANCIAL SERVICES, LLC (f/k/a Homecomings Financial Network, Inc.), A Delaware Limited Liability Company; WALL ST. MORTGAGE, INC., a California Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:09-CV-05050-ODW-AGR <br> Hon. Otis D. Wright, II, Courtroom 11, <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY AURORA LOAN SERVICES LLC** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> [Motion to Dismiss Filed Concurrently Herewith] <br><br> Date: January 25, 2010 <br> Time: 1:30 p.m. <br> Ctrm: 11 <br><br> Am. Complaint Filed: Nov. 17, 2009 <br> Trial Date: None |

Case 2:09-cv-05050-ODW-AGR    Document 40-2    Filed 12/15/2009    Page 2 of 15

| | |
|---|---|
| 1 | **TO THE COURT ALL PARTIES AND TO THEIR ATTORNEYS OF |
| 2 | RECORD:** |
| 3 |     **PLEASE TAKE NOTICE** that defendant Aurora Loan Services LLC (**Aurora**) |
| 4 | hereby requests the Court take judicial notice of the following documents pursuant to |
| 5 | *Federal Rule of Evidence* 201 in support of its motion to dismiss plaintiffs' first |
| 6 | amended complaint. These documents are referenced by plaintiffs in the first amended |
| 7 | complaint, and/or central to or directly refute the claims being raised by plaintiffs. |
| 8 |     1.    **Exhibit 1**: A true and correct copy of the Court's Order dated October |
| 9 | 28, 2009, which is part of the record of this case. It is docket number 31. |
| 10 |     2.    **Exhibit 2**: A true and correct copy of the Notice of Right to Cancel |
| 11 | dated March 17, 2007. It is appropriate to take judicial notice of the facts of this |
| 12 | document, which is central to the complaint, and is not reasonably subject to dispute, |
| 13 | especially given that Mr. Seagren does not dispute receiving it in the complaint. |
| 14 | *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Branch v. Tunnel*, |
| 15 | 14 F.3d 449, 454 (9th Cir. 1994) (on motion to dismiss, the court may consider |
| 16 | documents exhibited, referred to, or that are central to plaintiffs' complaint); *Parrino v.* |
| 17 | *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Cortec Industries, Industries, Inc. v. Sum* |
| 18 | *Holdings, L.P.*, 949 F.2d 42, 47 (2nd Cir. 1991). *Ford v. Wells Fargo Home Mortgage*, |
| 19 | No. 08-4276 SC, 2008 WL 5070687 at *2 (N.D. Cal. Dec. 1, 2008) ("This |
| 20 | 'incorporation by reference doctrine' has been extended "to situations in which the |
| 21 | plaintiffs' claims depends on the contents of a document, the defendant attaches the |
| 22 | document to its motion to dismiss, and the parties do not dispute the authenticity of the |
| 23 | document, even though the plaintiff does not explicitly alleged the contents of that |
| 24 | document in the complaint."), *citing Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. |
| 25 | 2008). This prevents plaintiff from deliberately omitting references to documents upon |
| 26 | which their claims are based. *Parrino v. FHP, Inc.*, 146 F.3d at 706. |
| 27 |     3.    **Exhibit 3**: A true and correct copy of the Notice of Assignment, Sale, or |
| 28 | Transfer of Servicing Rights showing Aurora as servicer of the loan beginning on |

{LA056219;1}    2    REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:09-CV-05050-ODW-AGR

March 18, 2008. Aurora requests this court take judicial notice of this document because it is central to plaintiffs' claims, not reasonably subject to dispute, and defines Aurora's role as servicer of the loan, which is at issue in the complaint. (*See* First Amended Complaint, ¶ 15).

Dated: December 15, 2009

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: */s/ Donald M. Scotten*
    Donald M. Scotten
Attorneys for Defendant
AURORA LOAN SERVICES LLC

# Exhibit 1

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al. | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings (In Chambers):**   Order Granting Defendants' Motions to Dismiss [8, 17]

## I.   INTRODUCTION

Plaintiffs Ileana and Scott Seagren bring this action under the Truth in Lending Act ("TILA") against Aurora Loan Services, Inc. ("Aurora"), Homecomings Financial Services, LLC ("Homecomings"), and Wall Street Mortgage, Inc. ("Wall Street"). Plaintiffs allege they own the property at 1963 254th Street, Lomita, CA 90717. (Compl. ¶ 7). Plaintiffs re-financed their mortgage on or about March 14, 2007. (Compl. ¶ 14, Ex. A). As part of the re-financing, Plaintiffs executed a deed of trust and promissory note in favor of the lender, Homecomings. (Compl. ¶ 8, Ex. A). Plaintiffs received certain disclosures relating to the terms of the loan transaction, but allege that they did not receive all the statutorily required disclosures. Among other things, Plaintiffs seek rescission under TILA and Regulation Z because Defendants did not provide them the requisite notice of their right to cancel and disclosures of negative amortization.

Aurora and Homecomings now separately move to dismiss Plaintiffs' claims for rescission under TILA, 15 U.S.C. § 1601, and unfair competition, Cal. Bus. & Prof. Code § 1700. Defendants have also filed separate requests for judicial notice, which they contend prove that Plaintiffs received all required disclosures under TILA. The court considers both motions to dismiss in unison.

## II.   DISCUSSION



Case 2:09-cv-05050-ODW-AGR   Document 31   Filed 10/28/2009   Page 2 of 6

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

**1.** <u>Legal Standard:</u> *Motion to Dismiss*

While a complaint attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (courts need not "accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level, [citations], on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).

"A motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). The court may consider extrinsic documents, however, when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Finally, leave need not be granted where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citations omitted).

**2.** <u>Governing Law:</u> *Truth in Lending Act*

4

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
| Title | Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al. | | |

TILA was enacted "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). "The Act requires creditors [to] provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

Under TILA, a borrower has two remedies for a loan disclosure violation. First, TILA grants a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. § 1635. Second, TILA grants a borrower a right to civil damages. 15 U.S.C. § 1640. Generally, TILA provides that borrowers have until midnight of the third business day following the consummation of a loan transaction to rescind the transaction. 15 U.S.C. § 1635(a). A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission, or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). A TILA damages claim is subject to 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period accrues when the failure to make the required disclosures occurs, that is, "at the time the loan documents were signed." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

2.   Defendants' Motions to Dismiss

*TILA Rescission*

The court begins with whether Plaintiffs have alleged a viable TILA violation. Plaintiffs argue they have alleged two such violations, (1) that Mrs. Seagren did not receive any copies of the Notice of Right to Cancel, and (2) that Defendants failed to adequately disclose that the loan would negatively amortize. (Compl. ¶¶ 10, 11.) Defendants contend these two bases are belied by judicially noticeable documents.

Specifically, Defendants move the court to judicially notice two documents bearing on Plaintiffs' claims, an executed Notice of Right to Cancel form and the Adjustable Rate

Case 2:09-cv-05050-ODW-AGR   Document 31   Filed 10/28/2009   Page 4 of 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

Mortgage Program Disclosure.

First, Defendants argue Plaintiffs' assertion that Mrs. Seagren did not receive any copies of the Notice of Right to Cancel is controverted by a Notice of Right to Cancel executed by the Seagrens on March 17, 2007. Plaintiffs do not oppose this request for judicial notice, and the document reveals that Mrs. Seagren acknowledged receipt of her Notice of Right to Cancel. Such written acknowledgment creates a rebuttable presumption of delivery. *See* 15 U.S.C. §1635(c). Accordingly, unless Plaintiffs rebut this presumption, they may not maintain a TILA claim against either Defendant based on the alleged failure to provide Mrs. Seagren such notice.

Second, Defendants argue they in fact provided Plaintiffs the necessary disclosures concerning negative amortization, proffering for judicial notice the Adjustable Rate Mortgage Program Disclosure. (Request No. 2.) Before considering the propriety (or necessity) of this request, however, it bears noting that, after Defendants argued in their moving papers that Plaintiffs were provided the requisite amortization disclosures, Plaintiffs arguably abandoned this claim by failing to raise it in their Opposition. *See, e.g., Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) ("Jenkins abandoned her [ ] claims by not raising them in opposition to the County's motion for summary judgment.").

Nevertheless, to the extent that Plaintiffs' failure to raise this basis for rescission may be excused, the court next considers Plaintiffs' rescission claim based on Defendants' alleged failure to adequately disclose negative amortization. While the parties focus exclusively on the propriety of the request for judicial notice, that issue appears superfluous. *Assuming* Defendants failed to "adequately disclose the risk of negative amortization, such a violation is not 'material' and does not entitle [Plaintiffs] to the extended three-year statute of limitations for rescission of the loan." *Jordan v. Paul Financial, LLC*, -- F. Supp. 2d --, 2009 WL 1941561, *7 (N.D. Cal. July 1, 2009) ("Plaintiff is therefore not entitled to rescind his loan transaction due to defendants' alleged failure to disclose the risk of negative amortization").

Before concluding, the court briefly notes the conundrum presented by Plaintiffs' argument that Defendants did not provide adequate disclosures and that the court may not



O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

judicially notice the Adjustable Rate Mortgage Program Disclosure. TILA generally requires two sets of disclosures. The first set of disclosures, which concern features of the particular variable-rate loan, must be made "at the time an application form is provided or before the consumer pays a non-refundable fee, whichever is earlier." 12 C.F.R. § 226.19(b). The second set of disclosures are required "before consummation of the transaction" and must include a statement "that the transaction contains a variable-rate feature" and a statement "that [the] variable-rate disclosures have been provided earlier." 12 C.F.R. § 226.18(b) & (f)(2).

The Truth in Lending Disclosure Statement attached to Plaintiffs' Complaint is compliant. It states: "Your loan contains a variable-rate feature. Disclosures about the variable-rate feature have been provided to you earlier." (Compl., Exh. C.) It is this document "provided to [the Seagrens] earlier" that is the subject of Defendants' request for judicial notice. Plaintiffs oppose this request arguing, primarily, that this document was not specifically mentioned in the complaint (or the attached exhibits) – even though the language in Exhibit C was dictated by statute. In other words, Plaintiffs have attached the second set of disclosures to their complaint, but now maintain both that the disclosures are inadequate because they lack the substance of the disclosures in the first set, and that the court may not judicially notice the first set. While such practice is not strictly improper, it is highly questionable.

In sum, the court takes notice of the executed Notice of Right to Cancel. This raises a rebuttable presumption that the Seagrens received the required notice, precluding their rescission claim under TILA. As discussed above, moreover, Defendants' alleged failure to adequately disclose negative amortization does not support Plaintiffs' rescission claim. Accordingly, Plaintiffs' first claim for rescission under TILA is DISMISSED WITH LEAVE TO AMEND. While Plaintiffs may attempt to rebut the presumption that they received notice of their right to cancel, they may not seek rescission based on the alleged failure to disclose negative amortization.

*Unfair Business Practices, Cal. Bus. & Prof. § 17200*

Plaintiffs appear to base this claim on the TILA violations discussed above. (*See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-5050 ODW (AGRx) | Date | October 28, 2009 |
|---|---|---|---|
| Title | *Ileana Seagren, et al. v. Aurora Loan Services, Inc., et al.* | | |

Compl. ¶¶ 22-26.) Because those claims fail, so too must this. Insofar as Plaintiffs base their UCL claim on grounds other than the alleged TILA violations, which is not entirely clear from the complaint, Plaintiffs shall so specify. If Plaintiffs fail to rebut the presumption that they received notice of their right to cancel, however, and thus maintain their TILA claim, the court would be inclined to decline supplemental jurisdiction over this state law claim. *See Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is ... akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted).

## III. CONCLUSION

Defendants' motions to dismiss Plaintiffs' complaint are GRANTED WITH 20 DAYS LEAVE TO AMEND. Plaintiffs may attempt to rebut the presumption that they received notice of their right to cancel and shall clarify the bases for their UCL claim.

**SO ORDERED**

---- : 00

Initials of Preparer    RGN

# EXHIBIT 2

## NOTICE OF RIGHT TO CANCEL

LENDER: HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL NETWORK, INC.)
188 106TH AVENUE NE, SUITE 600
BELLEVUE, WA 98004

DATE: 03/14/2007
LOAN NO.: 047-310813-2
TYPE: POA;5Y MTA

BORROWERS:  SCOTT SEAGREN

ADDRESS: 1963 254TH STREET
CITY/STATE/ZIP: LOMITA, CA 90717
PROPERTY:

You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:
(1) The date of the transaction, which is ~~MARCH 14TH, 2007~~ *March 17, 2007* ; or
(2) The date you received your Truth in Lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home-or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing at:

HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL NETWORK, INC.)
188 106th Ave NE, Suite 600
Bellevue, WA 98004
FAX: 425-637-8690

You may use any written statement that is signed and dated by you and states your intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ~~MARCH 17TH, 2007~~ *March 21, 2007* (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____    _____
SIGNATURE                           DATE

---

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

| Signature | Date | Signature | Date |
|---|---|---|---|
| SCOTT SEAGREN | 3/17/07 | FELIX SEAGREN | 3/17/07 |
| | Date | | Date |
| | Date | | Date |
| | Date | | Date |
| | Date | | Date |

MFCD9714 (09/2006)

047-310813-2

9

# EXHIBIT 3

REPRESENTATION OF PRINTED DOCUMENT

## AURORA LOAN SERVICES
www.myAuroraLoan.com

NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

March 18, 2008

3640021917935534WEL031808
73126 0041051 009
SCOTT SEAGREN
1963 254TH ST
LOMITA CA 90717-1815

Re: Homecomings Financial, LLC
Loan #: 7473108132
Aurora Loan Services
Loan #: 0021917935

Dear Customer(s):

Welcome to Aurora Loan Services. This letter is to notify you that the servicing of your mortgage loan is being assigned, sold or transferred from Homecomings Financial, LLC to Aurora Loan Services ("Aurora"), effective April 1, 2008. The transfer of your mortgage loan to Aurora includes the right to collect payments from you.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Homecomings Financial, LLC. If you have any questions relating to the transfer of servicing from your present servicer call Homecomings Financial, LLC's Customer Care at 800-206-2901 between 6:00 A.M. To 10:00 P.M. Cdt on the following days Monday Through Friday. This is a toll-free number.

Beginning April 1, 2008, your new servicer will be Aurora Loan Services. The business address and toll-free telephone numbers for your new servicer are:

| Aurora Loan Services | Aurora Loan Services | Aurora Loan Services |
|---|---|---|
| Customer Service Department | Tax Department | Insurance Center |
| P.O. Box 1706 | P.O. Box 961233 | P.O. Box 2963 |
| Scottsbluff, NE 69363-1706 | Fort Worth, TX 76161-0233 | Phoenix, AZ 85062-2963 |
| 1 (800) 550-0508 | 1 (800) 550-0508 | 1 (800) 732-6578 |
| 8:00 A.M. to 11:00 P.M., ET Monday through Thursday | 8:00 A.M. to 5:00 P.M., MT Monday through Friday | 6:00 A.M. to 6:00 P.M., MT Monday through Friday |
| 8:00 A.M. to 9:00 P.M., ET Friday | | |
| 8:00 A.M. to 4:00 P.M., ET Saturday | | |

If you have any questions relating to the transfer of servicing to your new servicer call the toll-free numbers listed during the business hours specified above.

The date that Homecomings Financial, LLC will stop accepting payments from you is March 31, 2008. The date that Aurora will begin accepting payments from you is April 1, 2008. Send all payments due on or after that date to Aurora Loan Services.

If you have been paying premiums for life, disability, accidental death insurance or other optional products, these policies will not transfer to Aurora. If you desire to continue your optional coverage, you can contact your optional insurance provider and discuss the possibility of directly remitting your premium to them and continuing the policy.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A Business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

Aurora Loan Services
Attention: Customer Service Research
P.O. Box 1706
Scottsbluff, NE 69363-1706

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-business-day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

Section 6 of RESPA also provides the damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.

Please retain this information with your loan documentation for future reference. Aurora appreciates the opportunity to provide service on your loan and for allowing us to be of service to you.

Sincerely,

***CONTINUED ON REVERSE SIDE***

Cassie Leet
Customer Service Manager

DETACH AND RETURN BOTTOM PORTION

| ACCOUNT NUMBER | OPTION 1 MINIMUM AMOUNT | OPTION 2 INTEREST ONLY | OPTION 3 PRIN & INT | OPTION 4 PRIN & INT-15 YR |
|---|---|---|---|---|
| 0021917935 | 2,117.85 | 3,368.49 | 3,785.55 | 5,042.04 |

SCOTT SEAGREN

☐ Please check here if address, phone # or e-mail change is indicated on reverse side.

**CHOOSING YOUR PAYMENT OPTIONS**

**Option 1: Minimum Amount Due** - This amount will not be sufficient to pay all accrued interest for the month or to pay loan in full over remaining term in equal monthly installments. Therefore, negative amortization will result and any deferred interest will be added to the balance of the loan.

**Option 2: Interest Only** – No reduction in your principal balance will occur with this payment.

**Option 3: Fully Amortized Payment** - Traditional payment of interest and principal. Pays all the interest due and reduces your principal in an amount sufficient to pay off your loan on schedule.

**Option 4: Accelerated Payment Option** - Payment is calculated to amortize the loan based on a 15 year term or the remaining term, whichever is less, resulting in substantial interest savings.

AURORA LOAN SERVICES
ATTN: CASHIERING
P.O. BOX 78112
PHOENIX, AZ 85062-8112

All funds will be applied in the following order:
(1) Interest due, (2) Principal due, (3) Escrow, (4) Fees, (5) To reduce principal balance

Include your loan number on your check.

Amount Enclosed  $

10

INTERNET REPRINT


## PROOF OF SERVICE BY E-MAIL OR ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

    On December 15, 2009, I served the following document(s) described as:

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY AURORA LOAN SERVICES LLC

    Based on a court order or an agreement of the parties to accept service by CM/ECF electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below:

Stephen P. Collette, Esq.  
John A. Haubrich, Esq.  
Stephen P. Collette & Associates  
811 Wilshire Blvd., Suite 1200  
Los Angeles, California 90017  
Tel.: (213) 542-8272  
Fax: (562) 684-4531  
stephen_collette@hotmail.com  
haubrija@gmail.com  

*Attorneys for Plaintiffs, Ileana Seagren and Scott Seagren*

Frederick A Haist  
Palmer Lombardi and Donohue  
888 West Sixth Street 12th Floor  
Los Angeles, CA 90017  
Tel.: (213) 688-0430  
Fax: (213) 688-0440  
fhaist@pldlawyers.com  

*Attorneys for Defendant, Homecomings Financial Services, LLC*

    I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (State)    I declare under penalty of perjury under the laws of the of California that the above is true and correct.

☒ (Federal)    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on December 15, 2009, at Los Angeles, California.

Suzanne I. Jimenez  
Type Name

*/s/ Suzanne I. Jimenez*  
Signature

{LA056225;1}